GIACOMO DeNUCCIO & another *vs.* ANDREW CAPONIGRO & another.

Suffolk.   January 14, 1927.— May 18, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Practice, Civil*, Premature action, New trial, Appeal from Appellate Division of District Court.   *Contract*, Performance and breach.

The declaration in an action of contract in a district court was in a single count upon two accounts annexed, one denominated "A" and the other "B." From findings by the trial judge, it appeared that at the date of the writ the amount claimed under account "A" was not due because the plaintiff had not made certain payments which were conditions precedent to his having a right of action against the defendant therefor, but that between hearings the plaintiff made such payments. The defendant admitted a liability of $43 on account "B." The judge found for the plaintiff in a substantial sum on account "A," and for $43 and interest on account "B." Upon a report to the Appellate Division, the finding was reversed and judgment for the defendant was ordered. The plaintiff appealed. *Held*, that

(1) The plaintiff having no cause of action on account "A" at the date of the writ, the finding should have been for the defendant on that account, the performance by the plaintiff of the conditions precedent after the date of the writ being of no consequence;

(2) The bringing of an action at law prematurely is not a matter of form or procedure, but has to do with substantial rights; and therefore G. L. c. 231, § 132, had no application;

(3) No reason appeared on the record why the finding by the judge on account "B" should not stand.

CONTRACT, with a declaration in a single count upon two accounts annexed denominated "A" and "B," "A" being for balance of $900 and "B" for a balance of $113.09. Writ in the East Boston District Court dated September 5, 1925.

Findings and rulings by the judge of the District Court are stated in the opinion. He found for the plaintiffs in the sum of $800 on account "A" and in the sum of $49.51 on account "B" and reported the action to the Appellate Division for the Northern District, who reversed the finding for the plaintiffs and ordered judgment for the defendants. The plaintiffs appealed.

*W. C. Maguire*, for the plaintiffs.

*F. W. Falvey*, for the defendants.

RUGG, C.J. The plaintiffs seek to recover two separate sums alleged to be due on two different contracts. The first is the balance alleged to be due under a written agreement, whereby the plaintiffs were to furnish stock, material and labor in the erection of a garage for the defendants. One clause in that written agreement was that the final payment here sought to be recovered should not be due until "all bills for labor and material have been paid in full." The report of the trial judge shows that at "the first hearing, it appeared in evidence, that at the time of the request for the final payment under the written contract, and also at the time of bringing this suit, substantial bills for labor and materials owing from the plaintiffs to others for work done or materials furnished under the contract were still outstanding and unpaid. After a continuance of the case, evidence was offered by the plaintiffs that these outstanding bills amounting to about $900 had been paid by them since the first hearing."

It is elementary that an action at law cannot be maintained if at the time the writ is sued out there is not in existence a complete cause of action. It is plain that under the written agreement nothing was due from the defendants to the plaintiffs at the time the action was instituted, because the condition precedent to the obligation of the defendants, namely, the payment in full by the plaintiffs of all bills for labor and material, had not been performed by the plaintiffs. A defendant is entitled to protection against the harassment of actions prematurely brought.

The circumstance that these bills were paid after the action was brought is of no consequence in this connection. No one ought to be put to the expense of the costs and the defence of an action at law unfounded when instituted. A person is entitled to opportunity to settle at its maturity an obligation that is due before being mulcted by a law suit.

This fundamental principle of justice is not affected by G. L. c. 231, § 132, whereby a new trial is to be refused in civil proceedings because of improper admission or rejection of evidence, or of any matter of pleading or practice, if it is deemed by the court that the substantial rights of the parties have not been thereby affected injuriously. The bringing of an action at law prematurely is not a matter of form or procedure, but has to do with substantial rights.

The second account was founded on work done under an oral contract by the plaintiffs for the defendants on a storehouse. A liability of $43 for this work was admitted by the defendants. Apparently that was the amount found due by the trial judge with interest. The admission of the defendants and the finding by the trial judge indicates that this amount was due and payable when the writ was sued out. No reason is disclosed on this record why the plaintiffs should not recover on this item.

It follows that the order of the Appellate Division must be reversed, and that the entry may be that the plaintiffs cannot recover on "Account annexed A" because the action was prematurely brought. Judgment for plaintiffs on finding by trial judge on "Account annexed B."

*So ordered.*