CHESHIRE COMMERCIAL CORPORATION *v.* PHILIP
MESSIER ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 7-695-13782

Argued February 1—decided March 12, 1971

*Neil F. Murphy,* of Bristol, for the appellants
(defendants).

*Alvin M. Murray,* of New Haven, for the appellee
(plaintiff).

DEARINGTON, J.  The plaintiff is the assignee of a
negotiable promissory note made by the defendants
and payable to the order of the assignor.  The note

is in default. After a trial, the court awarded judgment for the plaintiff in the amount found to be due. In their assignments of error, as briefed, the defendants claim that the court erred in concluding that the plaintiff was a holder in due course and further that the court erred in ruling that the defendants were precluded from offering evidence of an alleged defense relating to defective equipment.

No attack is made on the finding, which sets forth that on September 12, 1968, the defendants purchased certain photographic equipment from the Imperial Distributors, Inc., and as part of the transaction executed a negotiable promissory note in the amount of $749.70. The note stated, among other provisions, that the principal sum was to be paid to the order of the Imperial Distributors, Inc., hereinafter referred to as the assignor, at the plaintiff's office in thirty monthly payments commencing October 23, 1968. On September 23, 1968, the plaintiff paid the assignor $447 for the note. The note was transferred to the plaintiff a few days later without endorsement or words of assignment. Prior to the last day of September, a ledger account was set up in the name of the defendants on the books of the plaintiff, and a coupon-payment book was sent to and received by the defendants. During the month of September, the defendants made complaint by telephone to the assignor concerning the equipment and in October sent two letters to the plaintiff complaining about the quality of the film. On November 16, however, the defendants sent two payments to the plaintiff together with two coupons.

On June 18, 1970, the day of the trial, the treasurer of the assignor formally assigned the note to the plaintiff by endorsement. The treasurer was also the president of the plaintiff corporation. At the time of trial, there remained a balance due on the

note.   The note also provided for a reasonable attorney's fee in the event legal process became necessary in the collection of the note.   The court precluded the defendants from introducing evidence of their alleged defenses.

The court reached the following conclusions: The plaintiff was the holder of the note; a valid assignment of the note was made in good faith for a valuable consideration on September 23, 1968; the first notice the plaintiff had relating to a complaint was on October 24, 1968, a date subsequent to the assignment; the note was not subject to any defenses which the defendants may have had against the assignor; the defendants were aware of the assignment on about September 23, 1968, and did act upon it by making two payments in conformity with the assignment; the defendants made two payments under the assignment subsequent to the written complaints made to the plaintiff; the defendants placed in issue only the validity of the assignment, and they failed to plead any special defense which might have been available against the assignor; an unpaid balance is due; reasonable attorney's fees were $210.

In their brief and argument the defendants claim that there was a variance in that the plaintiff in its complaint alleged that the note was assigned to it. The complaint was returnable the first Tuesday of May, 1969.  The court found that the formal assignment was made on the date of trial, June 18, 1970. It appears that the defendants contend that any defenses it might have against the assignor were available against the plaintiff if it could be shown that the plaintiff was aware of such defenses prior to the formal assignment made on June 18, 1970. This argument is tangential to the basic question, which is, At what point did the plaintiff become a holder in due course?

A bill or note may be transferred in various ways, such as by negotiation or assignment. The plaintiff, in its complaint dated April 17, 1969, alleged that it was the assignee of the note in question. "An assignment of a bill or note merely means a transfer of the title to the instrument, and generally an assignee takes only such title as his assignor had, subject to all defenses available against his assignor." 11 Am. Jur. 2d, Bills and Notes, § 313. The term "assignment" is broader than and actually includes "negotiation" but must be distinguished from negotiation in regard to what title is transferred or the rights of the holder. Id., p. 33.8 n.14. Section 42a-3-202 of our General Statutes provides: "(1) Negotiation is the transfer of an instrument in such form that the transferee becomes a holder. If the instrument is payable to order it is negotiated by delivery with any necessary endorsement; if payable to bearer it is negotiated by delivery. (2) An endorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof." See *Linahan* v. *Linahan*, 131 Conn. 307, 318. "Indorsement is essential to the execution of a note payable to the order of the maker. It is also essential to negotiation of an order instrument but not of a bearer instrument; and no indorsement is necessary to a mere assignment of a negotiable or nonnegotiable instrument. Thus, one may acquire title to a negotiable or nonnegotiable instrument without indorsement, but without indorsement of an order instrument he cannot be a holder in due course thereof even though he is entitled to have the indorsement made." 11 Am. Jur. 2d, Bills and Notes, § 350. See *Myrtilles, Inc.* v. *Johnson*, 124 Conn. 177, 180. Thus, endorsement must be in writing and must embrace the signature of the endorser. The plaintiff was not a holder in due course prior to endorsement, al-

though it was the assignee, and it follows that it was subject to the defenses against the transferor. General Statutes § 42a-9-318; *Fairfield Credit Corporation* v. *Donnelly,* 158 Conn. 543, 549; 11 Am. Jur. 2d, Bills and Notes, § 404.

The plaintiff argues that § 42a-3-302, relating to "holder in due course," does not require an endorsement. That is true, but that section does provide that a holder in due course shall be a "holder," and § 42a-3-202 provides that a "holder" becomes such as a result of a negotiation, which requires an endorsement of the note if it is an order note, as here.

The defendants by their pleadings admitted the note and its contents but denied that the plaintiff was a holder in due course. It appears from the record that the endorsement was made shortly before the trial and that the defendants were aware of this. During the trial, the defendants attempted to introduce letters sent by them to the plaintiff purporting to show that they had complained that the merchandise was defective. They claim that certain defenses were available to them, such as a showing of defective merchandise, and that the letters would indicate that the plaintiff was notified of such defectiveness in October of 1969, before the endorsement. The plaintiff objected to the introduction of such evidence and was sustained. In ruling as it did, the court inquired of the defendants, "I'm asking what relevancy do these letters have with respect to the issues in the case?" At this posture of the case, the defendants might have moved to amend their pleadings. See Practice Book § 134, and such cases as *State ex rel. Scala* v. *Airport Commission,* 154 Conn. 168, 176, and *Banks* v. *Adelman,* 144 Conn. 176, 179.

The defendants now claim that the ruling of the court was erroneous and that they were thereby

precluded from pursuing their defense, that is, a showing of defective equipment. Such a defense was not apparent on the face of the pleadings. The defendants make no claim that they were unaware of the late endorsement executed prior to the trial but subsequent to the assignment. If such a situation took them by surprise, and there is no showing it did, they might have moved to amend their answer so as to bring any possible defense into clear focus. They chose not to do so but rather to join issue and after a trial claim variance between the allegations of the plaintiff's complaint and its proof. Nowhere, either in their claims of proof or in the finding, is there any indication of a claimed variance. Justice is not served by accepting a claim of variance from a party who prior to the trial was in a position to know the true state of facts but who remained silent until after the trial. *Schaller* v. *Roadside Inn, Inc.,* 154 Conn. 61, 67.

At the time of the trial the plaintiff, by virtue of the endorsement, was then a holder in due course. If, as claimed by the defendants, the plaintiff at some prior time was not such a holder and therefore a defense was available to them, they were obligated to set up such a defense in their pleadings. Section 42a-3-307(2) provides: "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."

"A mere denial that the holder is a holder in due course, without the statement of supporting facts, is not sufficient, and a plea that a party is not a holder in due course is bad if the pleading does not set out the facts which lead to such conclusion." 12 Am. Jur. 2d, Bills and Notes, § 1128, and cases cited. A special defense such as is claimed by the defendants should have been specially pleaded. Practice

Book § 120. Since this was not done, the court committed no error in sustaining the plaintiff's objection to the proffered letters.

There is no error.

In this opinion JACOBS and KINMONTH, Js., concurred.