RALPH G. DUXBURY vs. JACK E. ROBERTS & others.[1]

Middlesex. December 10, 1982. — March 9, 1983.

Present: HENNESSEY, C.J., ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Accrual of cause of action. *Negotiable Instruments,*
   Holder, Assignment.

A curative payment of interest on a promissory note, made after an action
   had been brought to recover on the note, did not render the action
   premature. [387]
Although a judge erred in concluding that a plaintiff was the holder of a
   promissory note, this error was immaterial, where the plaintiff was
   entitled to recover on the note as an assignee. [387-388]
A person liable on a promissory note did not have available to him, as a
   defense to an action on the note by an assignee, the circumstance that
   the assignor, who had held the note in his capacity as trustee, had
   made the assignment individually. [388-389]

CIVIL ACTION commenced in the Second District Court of
Eastern Middlesex on May 24, 1976.

The case was heard by *Doyle,* J.

*Alan Altman* for the defendants.

*Matthew H. Feinberg* for the plaintiff.

HENNESSEY, C.J.   The plaintiff, Ralph G. Duxbury,
brought this action seeking to recover on a promissory note
which was made by the defendants to the order of Keith J.
C. Baines, trustee of 22 Phillips Street Realty Trust, and
which was allegedly assigned by Baines to him. A judge of
a District Court awarded Duxbury the amount of $29,800,
with interest. The defendants appealed by way of filing a
report to the Appellate Divison of the District Courts,

---

[1] J. Merritt Brown and Richard J. Cammarata, individually and as
trustees of the BCR Realty Trust.

which subsequently issued a decision and order dismissing the report. The defendants now appeal to this court arguing that (1) the action was commenced prematurely; (2) Duxbury is not a holder in due course; and (3) the alleged assignment of the note was not valid. Although we agree with the defendants that Duxbury was not a holder in due course, we disagree with the defendants' other contentions and, accordingly, we affirm the order dismissing the report.

In 1972, Baines conveyed a parcel of real estate on Phillips Street, Boston, to the defendants as trustees of the BCR Realty Trust. This conveyance was subject to a prior mortgage to Volunteer Co-operative Bank. The defendants, individually and as trustees, executed a promissory note dated September 25, 1972, to the order of Keith J. C. Baines, trustee of 22 Phillips Street Realty Trust, in the amount of $29,800, plus interest at an annual rate of twelve per cent, with only interest payments to begin on October 25, 1972, to be paid monthly thereafter, and the entire amount of the note to become due on September 25, 1977. The promissory note was secured by a second mortgage of the real estate.

On March 31, 1976, Baines executed and delivered a document to Duxbury entitled, "Partial Assignment of Note and Mortgage," in partial payment of a $25,000 debt that he personally owed to Duxbury. This debt was a finder's fee for Duxbury's assistance in helping Baines locate and purchase a business investment opportunity in Florida. In this document Baines purported to assign his interest in the note along with a one-half undivided interest in the second mortgage. Baines signed the document in his individual capacity, without reference to his fiduciary capacity. Further, although Baines delivered the note to Duxbury, he did not indorse it.

Duxbury received only two payments on the note: a $2,000 payment in February or March, 1976, and a payment of $2,422.46, on or about September 24, 1976, both of which were checks that Baines signed over to Duxbury.[2]

---

[2]The second check received by Duxbury was acquired by Baines from the defendants and was drawn by the Home Insurance Companies,

On May 24, 1976, before receiving the second payment, Duxbury commenced this action in the District Court.

1. The defendants argue first that this suit was brought prematurely because the trial judge, in his findings, determined that the note was not in default until September 25, 1976. The defendants also point out that the judge amended his original judgment that interest was to be awarded from the date the action was commenced, May 24, 1976, to provide that interest would run instead from the date of default, September 25, 1976. The defendants urge that these findings make it clear that the action was brought prematurely because there was no default on May 24, 1976, and the plaintiff's cause of action, therefore, was not complete. See *DeNuccio* v. *Caponigro*, 259 Mass. 365, 367 (1927). The defendants further assert that a plaintiff may not recover on an action brought prematurely. *Id.*

In this case, however, it is clear that when Duxbury instituted the action on May 24, 1976, the defendants were in arrears on their interest payments on the note. Duxbury had received one payment in February or March, 1976, and did not receive another payment until September, 1976. Thus, there was a default on May 24, 1976, although it was, in effect, cured by the September payment. This curative payment, however, did not operate retroactively to render the action prematurely brought. The only effect of the curative payment was to make September 25, 1976, the date of default for purposes of awarding damages to Duxbury, because Duxbury received no further payments on the note from that date.

2. The defendants argue next that the trial judge improperly determined that Duxbury was a holder in due course. The Appellate Division found the trial judge to be in error on this issue because the note was not negotiated properly to Duxbury. We agree with the Appellate Division. One does not become a holder of a negotiable instru-

dated August 17, 1976, in the amount of $42,263, of which amount Baines was entitled to $2,422.46. The exact nature of the first check received by Duxbury from Baines is unclear from the record.

ment unless there is a negotiation of that instrument as required under the Uniform Commercial Code, G.L. c. 106, § 3-202 (1). To have a negotiation of an instrument payable to order, the instrument must be delivered with any necessary indorsement. G.L. c. 106, § 3-202 (1). "An indorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof." G.L. c. 106, § 3-202 (2), as appearing in St. 1957, c. 765, § 1. In this case Baines did not sign the note when he transferred it to Duxbury. Rather, he signed only the document entitled, "Partial Assignment of Note and Mortgage." His signing of this document does not constitute an indorsement of the note because it was not "so firmly affixed thereto as to become a part thereof." Therefore, Duxbury did not become a holder or a holder in due course. We agree, however, with the Appellate Division which determined further that notwithstanding the trial judge's improper resolution of the holder in due course issue, the plaintiff was properly entitled to judgment on the merits.

3. We, thus, reject the defendants' final contention that the assignment to Duxbury was not valid. Under G.L. c. 106, § 3-201 (1), even though the instrument was not negotiated, Duxbury acquired the rights of his transferor, Baines, subject to all defenses available against Baines. See *Pay Center, Inc.* v. *Milton,* 632 P. 2d 642, 643 (Colo. App. 1981); *Cheshire Commercial Corp.* v. *Messier,* 6 Conn. Cir. Ct. 542, 545-546 (1971). See also *Westminster Nat'l Bank* v. *Graustein,* 270 Mass. 565, 574, cert. denied, 282 U.S. 876 (1930). Although the defendants argued that Baines had made material misrepresentations in procuring the note and that there was a failure or lack of consideration in the making of the note, the trial judge specifically rejected these arguments. The defendants do not challenge these findings on appeal. Therefore, Duxbury was entitled to judgment in his favor.

The defendants also attack the validity of the assignment on the ground that because the note was made payable to

the order of Baines as trustee of 22 Phillips Street Realty Trust, and because Baines transferred the note in his individual capacity and for his individual debt, Duxbury had notice of a claim against the note. Compare G.L. c. 106, § 3-304 (2), with G.L. c. 106, § 3-304 (4) (e). See also *Childs, Jeffries & Co.* v. *Bright,* 283 Mass. 283, 294 (1933). We need not decide, however, whether the trial judge's conclusion was correct because the defendants may not raise the claim of 22 Phillips Street Realty Trust to the note. "The claim of any third person to the instrument is not otherwise available as a defense to any party liable thereon unless the third person himself defends the action for such party." G. L. c. 106, § 3-306 (d). Furthermore, Baines clearly had the power to transfer the note to Duxbury. See G. L. c. 106, § 3-117 (b). Although § 3-117 (b) provides that an instrument payable to a named person as a fiduciary may be "negotiated" by him, we conclude that this section also contemplates an attempted but ineffective negotiation. Therefore, Baines' failure to assign the note in his capacity as trustee is relevant only in terms of the trust's claim to the note and the defendants may not raise that issue as a defense.

*Order dismissing report*
*affirmed.*