Toomey, J.
This case arrives before the court on Defendant’s Motion for Summary Judgment. On November 25, 1994, Plaintiff, Mildred Jensen, instituted this medical malpractice action against Defendant Richard E. Hunter, M.D. Jensen contends that Dr. Hunter committed malpractice by negligently leaving a surgical sponge in her abdominal caviiy during a radical hysterectomy in 1982 and then advising her not to undergo additional surgery to have the sponge removed. Jensen alleges that the sponge caused her serious medical difficulties in 1993. Presently, Dr. Hunter moves for summary judgment arguing that the three-year limitation period on medical malpractice claims bars Jensen’s suit. Jensen counters claiming that the statute did not begin to run until 1993 when she incurred damages as a result of the sponge. For the reasons that follow, Defendant’s Motion for Summary Judgment is DENIED.
BACKGROUND
In 1981, Jensen consulted Dr. Hunter for treatment of cervical cancer. On November 6, 1981, at the University of Massachusetts Medical Center, Dr. Hunter performed a radical hysterectomy on Jensen. During the course of the surgery, Dr. Hunter allegedly left the surgical sponge in Jensen’s abdominal cavity. Jensen continued to consult Dr. Hunter for follow-up treatment and regular check-ups until July 1989.
In November 1982, at the Fort Myers Community Hospital in Fort Myers, Florida, Jensen underwent surgery to have her gallbladder removed. Jensen’s surgeon, Dr. Warren E. Hagen, discovered the retained sponge during the gallbladder surgery, but did not remove it. He discussed the matter with Jensen who opted to wait until her next visit with Dr. Hunter before deciding whether to have additional surgery to remove the sponge. Dr. Hagen then telephoned Dr. Hunter to discuss the sponge.
On December 28, 1982, Jensen met with Dr. Hunter. While the facts surrounding the meeting are largely in dispute, it is sufficient for purposes of this motion to note there is no dispute that, at a minimum, Jensen and Dr. Hunter discussed the medical implications of the sponge and Dr. Hunter advised against its removal. The parties disagree as to whether they had discussed the sponge in any of Jensen’s subsequent visits with Dr. Hunter through July 1989.
On August 24, 1993, Jensen was admitted to the Hubbard Regional Hospital complaining of abdominal pain, nausea, and vomiting. On August 30, 1993, she was transferred to the Medical Center of Central Massachusetts where she underwent a laparoscopy, exploratory laparotomy, lysis of adhesions, small bowel resection, and removal of the sponge which had abscessed, adhered to, obstructed, and perforated her small bowel. Jensen also required additional surgery to explore, drain, debride, and close the wound.
The determinative summary judgment issue before this court is whether Jensen’s cause of action accrued when she discovered the retained sponge in 1982 or when she became symptomatic in 1993. For the following reasons, the court finds that it cannot make this determination in the context of a motion for summary judgment and, accordingly, the motion must fail.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact on any relevant issue raised by the pleadings and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); McNeil v. Metropolitan Property & Liability Ins. Co., 420 Mass. 587, 598 (1995). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. *146 14,16-17(1989). If the moving party demonstrates the absence of a triable issue, the party opposing the motion must, in order to defeat the motion, present specific references to the record establishing the existence of a genuine issue of material fact. Id. at 17. The opposing party cannot, however, rest only upon his or her pleadings or upon mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Dr. Hunter has moved for summary judgment contending that Jensen did not file her complaint within the applicable three-year statute of limitations. G.L.c. 260 §4. Acknowledging that Massachusetts follows the “discovery rule,” Dr. Hunter argues that the limitations period commenced in November 1982 when Dr. Hagen informed her of the sponge left in her abdominal cavity, or, alternatively, no later than December 28, 1982 when Jensen next discussed the matter with him. If either of Dr. Hunter’s assumptions are correct, Jensen’s August 25, 1994 complaint would fall beyond the three-year period and be barred as a matter of law.
Jensen responds to Dr. Hunter’s assertions by advancing a different interpretation of the discovery rule. Arguing that she did not experience any ill effects of the sponge until August 1993, Jensen contends that she did not suffer any harm or incur any damage prior to that date. Consequently, she argues, even though she was informed in November 1982, of Dr. Hunter’s surgical misstep, her cause of action did not accrue until she began to suffer physical harm (in August 1993) as a result of his oversight.
For purposes of this motion, there is no contest as to the time (November 1982) that Jensen learned of Dr. Hunter’s alleged negligence. The primary, and ultimately dispositive, point of contention concerns the time at which Jensen suffered sufficient harm to trigger the statute of limitations. Was it the date Jensen learned that the sponge had been left in her abdominal cavity (November 1982), or the date that she experienced physical distress as a result of the sponge (August 24, 1993)? If Jensen suffered appreciable injury by the mere presence of the sponge in her abdominal cavity, thus rendering irrelevant the factual question as to the time of the inception of her symptoms, as Dr. Hunter suggests, then Dr. Hunter will be entitled to summary judgment because Jensen’s knowledge of that presence would have started the statute’s rim. If, on the other hand, proper analysis requires a determination as to when Jensen was harmed by Dr. Hunter’s conduct, then, at the very least, a disputed issue of material fact exists as to when Jensen experienced sufficient harm to trigger the running of the statute and summary judgment will not ensue. We proceed, then, to an examination of which analytic process is required by law.
A plaintiff instituting a medical malpractice claim must file suit within three years of the accrual of her cause of action. G.L.c. 260 §4. Under the rule that obtains in Massachusetts — the discovery rule — a cause of action accrues at the time the plaintiff knows or reasonably should know that she has been harmed by the defendant’s conduct. See Franklin v. Albert, 381 Mass. 611, 619 (1980) (adopting discovery rule). According to the discovery rule, the court considers “when a reasonably prudent person (in the tort claimant’s position), reacting to any suspicious circumstances of which [s]he might have been aware,... , should have discovered that [s]he had been harmed by [her] physician’s treatment.” Malapanis v. Shirazi, 21 Mass.App.Ct. 378, 383 (1986) (emphasis added). The plaintiff need only know that she has sustained some sort of injury, not the full extent of the injury, in order for the limitations period to commence. See Olsen v. Bell Telephone Laboratories, Inc., 388 Mass. 171, 175 (1983) (rejecting argument that limitations period begins when plaintiff learns injury is permanent). The discovery rule, then, focuses not on plaintiffs realization of defendant’s negligence, but rather on plaintiffs comprehension of her injury.
Dr. Hunter impliedly argues that the simple fact that he left the sponge in Jensen’s abdominal cavity caused her appreciable harm triggering the statute of limitations. In support, he cites a number of cases in which the court entered summary judgment because the plaintiff suffered appreciable harm, but failed to attribute such harm to defendant’s conduct in a timely manner. See Fidler v. Eastman Kodak Co., 714 F.2d 192, 194 (1st Cir. 1983) (severe head and face pains); Olsen, 388 Mass. at 173 (asthma caused by chemical used in plaintiffs department at defendant’s worksite); Malapanis, 21 Mass.App.Ct. at 383-84 (permanently disabled and deformed leg).
Of the cases cited by Dr. Hunter, Malapanis most closely resembles the present case. In Malapanis, the defendant doctor prematurely removed plaintiff from traction causing a misalignment of plaintiffs leg bones. Id. at 379. The doctor, however, informed plaintiff that his leg would heal properly. Id. The leg did not heal properly and plaintiff brought suit ten years later. Id. The Appeals Court affirmed entry of summary judgment for the defendant citing a number of factors compelling the trial court’s conclusion that, when plaintiff was discharged from the hospital, he knew or reasonably should have known that defendant’s conduct caused him harm. Id. at 383-84. Although Malapanis and other cases advanced in support of Dr. Hunter’s motion do bear some factual similarities to the case at bar, they also rest upon other considerations that distinguish them from the instant case and disqualify them to serve as controlling precedent.
Each case advanced by Dr. Hunter contains a common element not apparent in the present case, to wit, appreciable harm suffered by the plaintiff sufficient to trigger the statute of limitations. In Olsen, the plaintiff suffered from asthma but did not understand the condition to be permanent until after the limitations *147 period had run. In Fidler, plaintiff experienced severe headaches but did not connect them to defendant’s conduct until after the limitations period. Finally, in Malapanis, the plaintiff knew sufficient facts, prior to his discharge from defendant’s care, to conclude that defendant’s conduct caused him harm.[2] In each case, the plaintiff knew that he had suffered harm but impermissibly delayed in connecting that harm to defendant’s conduct.
In the present case, Jensen knew sufficient facts on December 28, 1982 to put her on notice that Dr. Hunter might have acted negligently. The court cannot, however, conclude, as a matter oflaw, that Jensen suffered any appreciable harm from December 1982 through August 1993. The Supreme Judicial Court has suggested that a difference between appreciable and inappreciable harm may exist and may impact the statute of limitations analysis. See Olsen, 388 Mass. at 176 (declining to consider if cause of action accrues upon discovery of inappreciable harm); Hendrickson v. Sears, 365 Mass. 83, 91 (1974) (same, pertaining to attorney malpractice). By recognizing that distinction, this court follows the fundamental principle that a cause of action in negligence does not accrue without a showing of some harm from the negligence. See International Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc., 29 Mass.App.Ct. 215, 217 (1990).
The question of whether or not this plaintiffs awareness of appreciable harm occurred outside the limitations period is a close one. The court recognizes the judicial reluctance to engage in an analytical approach that would render claims like Jensen’s inappropriately open-ended. See Malapanis, 388 Mass. 387-88 n.9. However, because of the highly material, and disputed, question of fact presented at bar, viz when did Jensen suffer appreciable harm, summaiy judgment for Dr. Hunter would not be consonant with law. The type of factual dispute presented at bar is appropriately reserved for trial. See Riley v. Presnell, 409 Mass. 239, 247-48 (1991) (listing cases in Massachusetts and other jurisdictions allowing jury to resolve factual issues relative to statute of limitations). Accordingly, Dr, Hunter’s Motion for Summaiy Judgment will be DENIED.[3]
ORDER
It is therefore ORDERED that Defendant’s Motion for Summary Judgment be DENIED.

The facts known by plaintiff at the time of his discharge included:
(1) that he had been taken out of traction by the defendant too soon, an event that resulted in the bones of his leg slipping out of alignment;
(2) that premature removal from traction required that he remain an extra four or five unanticipated weeks in a body cast;
(3) that his long convalescence in a body cast failed to correct the misalignment;
(4) that the bones healed in their misaligned position, with thirty degree angulation at the fracture site;
(5) that each stage of the recovery process had taken longer than predicted by the defendant;
(6) that, despite the defendant’s assurances that he would not limp, he was limping;
(7) that he was continuing to experience pain and hypertension of the knee;
(8) that his leg was deformed; and
(9) that his disability was permanent.

One final matter bears comment. Jensen argues, alternatively, that Dr. Hunter’s alleged assurance, on or about December 28, 1982, to the effect that the sponge would not cause her harm estops him from raising a statute of limitations defense. She asserts that she detrimentally relied on his advice to leave the sponge in its place and to forgo additional surgery.
Fatal to her estoppel argument, however, is the fact that Jensen has not alleged, much less demonstrated, that Dr. Hunter discussed potential litigation and induced her to delay filing suit. Unless Dr. Hunter “made representations [he] knew or should have known would induce the plaintiff to put off bringing suit and . . . the plaintiff did in fact delay in reliance on the representations, there is no estoppel.” Olsen, 388 Mass. at 176 (citations omitted). Jensen has presented no affirmative evidence to suggest that Dr. Hunter, in providing her with medical advice, knew or should have known that his instruction would induce her to delay filing suit. In fact, there is nothing on the record to suggest that either Jensen or Dr. Hunter recognized the potential for litigation during the course of treatment. Accordingly, Jensen’s argument that Dr. Hunter is estopped from advancing a statute of limitations defense is, on this record, without merit.