[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Cadle Company filed the operative revised complaint on February 5, 1996, after several amendments. The revised complaint is comprised of two counts. In the first count, the plaintiff seeks foreclosure of a mortgage executed by the defendant, Mead W. Batchelor (Batchelor).
The second count alleges that the defendant, Countrywood Hills Associates (Countrywood), is liable to the plaintiff as an endorser pursuant to General Statutes § 42a-3-415, and that the defendants, Karl J. Jalbert and Harvey G. Fotter, are personally liable as general partners of Countrywood for payment of Countrywood's obligations.
The defendant, Batchelor, filed a disclosure of defense on August 4, 1995, claiming that the plaintiff is not a holder in due course[1] of the note and is subject to the equities existing between the defendant, Batchelor, and the original payee, Countrywood. Batchelor answered the revised complaint on February 27, 1996, denying that Great Country Bank and The Cadle Company were holders in due course, but Batchelor did not assert any special defenses.
The plaintiff previously filed a motion for summary judgment on September 23, 1996, as to the first count. Batchelor filed an amended answer asserting a special defense on September 25, 1996, alleging that the plaintiff failed to obtain a Certificate of Authority to transact business in Connecticut as required by CT Page 13497 General Statutes § 33-396. Batchelor also filed a memorandum of opposition and opposing affidavit to the motion for summary judgment on October 1, 1996. The motion for summary judgment was denied on October 21, 1996, by order of Judge Kulawiz without a memorandum of decision. The special defense was stricken on April 25, 1997, by order of Judge Murray.
CadleRock Joint Venture, L.P. (CadleRock) was substituted as the plaintiff on May 7, 1999, because the Cadle Company, the original plaintiff, assigned the note and mortgage to CadleRock on November 15, 1996. On June 11, 1999, the substitute plaintiff, CadleRock, filed the current motion for summary judgment.
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381 [now § 17-46]. . . ." (Citations omitted; internal quotation marks omitted.) Dowling v. FinleyAssociates, Inc., 248 Conn. 364, 369-70, 364 A.2d 1245 (1999). "The test is whether a party is entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419, 727 A.2d 1276 (1999). "A trial court's decision to direct a verdict can be upheld only when the jury could not reasonably and legally have reached any other conclusion." (Citations omitted.) Krondes v. NorwalkSavings Society, 53 Conn. App. 102, 112, 728 A.2d 1103 (1999)
The substitute plaintiff argues in the present motion for summary judgment as to count one that there are no genuine issues of material fact and the substitute plaintiff is entitled to foreclosure as a matter of law. The substitute plaintiff attached documentation of the execution of the note and mortgage by Batchelor and demand letters requesting payment of the amount owed. CT Page 13498
Batchelor claims that the denial of the original plaintiff's motion for summary judgment on October 21, 1996, is the "law of the case" because the "present motion for summary judgment is no more than a re-hash of the 1996 motion denied by Judge Kulawiz." (Defendant's Memorandum in Opposition to Motion for Summary Judgment dated June 10, 1999).
"The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situation in which it may be invoked. . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored. . . . But a determination so made is not necessarily to be treated as an infallible guide to the court in dealing with all matters subsequently arising in the cause. . . . Where a matter has previously been rule upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. . . ." (Citations omitted; internal quotation marks omitted.) Westbrook v. Savin Rock Condominium Assoc.,50 Conn. App. 236, 240, 717 A.2d 789 (1998)
The substitute plaintiff's motion for summary judgment is substantially similar to the original plaintiff's motion for summary judgment, as Batchelor claims. The circumstances, however, have changed. Batchelor filed an amended answer alleging a special defense after the original plaintiff filed their motion for summary judgment but prior to J. Kulawiz's denial of the motion for summary judgment. Judge Kulawiz did not issue a memorandum of decision for the denial of the motion for summary judgment. Thus, it is conceivable that Judge Kulawiz did not consider the merits of the motion for summary judgment but denied the plaintiff's motion on the basis that the amended answer asserting a special defense created a genuine issue of material fact. The special defense has been stricken, so a new or overriding circumstance exists requiring the court to look at the merits of the motion for summary judgment.
The substitute plaintiff asserts in an Affidavit of Debt in Support of Motion for Summary Judgment filed with the current motion for summary judgment, along with the operative loan CT Page 13499 documents attached as exhibits, that Batchelor currently owes the substitute plaintiff the amount of $44,970.21 in principal and $16,499.71 in interest as of June 2, 1999, with interest accruing at a rate of $9.856 per day. The substitute plaintiff attached as Exhibit A a copy of a promissory note in which Batchelor promised to pay to the order of Countrywood dated March 20, 1991. The substitute plaintiff attached as Exhibit B a copy of a mortgage on Unit 158 Countrywood Hills Condominium, 380 Hitchcock Road, Waterbury, Connecticut, dated March 20, 1991, securing the note; Exhibit C, a copy of the June 18, 1992, assignment of the note and mortgage from Countrywood to Great Country Bank; as Exhibit D, a copy of the June 15, 1994, assignment of the note and mortgage from Great Country Bank to The Cadle Company; as Exhibit E, a copy of the November 15, 1996, assignment of the note and mortgage from The Cadle Company to CadleRock and lastly, as Exhibit F, copies of letters dated February 7, 1995, and March 16, 1995, in which The Cadle Company made demand upon Batchelor for the outstanding indebtedness of the note.
Batchelor opposes the motion for the reasons set forth in his Memorandum filed on October 1, 1996, and references his Opposing Affidavit filed on October 1, 1996. Both documents were filed in connection with the original plaintiff's prior motion for summary judgment. Batchelor claims a personal defense against the original payee, Countrywood.[2]
As stated previously, Batchelor denies that the plaintiff is a holder in due course. Batchelor claims in his memorandum in opposition to summary judgment that if the plaintiff is not a holder in due course, the plaintiff is subject to Batchelor's defense against Countrywood. Batchelor, however, has not plead any special defense with regard to his defense against Countrywood or the claim that the plaintiff is a not a holder in due course.
"A mere denial that the holder is a holder in due course, without the statement of supporting facts, is not sufficient, and a plea that a party is not a holder in due course is bad if the pleading does not set out the facts which lead to such conclusion. . . . A special defense such as is claimed by [Batchelor] should have been specially pleaded." CheshireCommercial Corporation v. Messier, 6 Conn. Cir. Ct. 542, 547, 278 A.2d 413, cert. denied, 161 Conn. 589, 278 A.2d 150 (1971) Although Batchelor filed a Disclosure of Defense pursuant to Practice Book § 13-19 claiming that the plaintiff was not a CT Page 13500 holder in due course and Batchelor denied the paragraphs of the plaintiff's complaint in which it claims the status of a holder in due course, Batchelor did not raise a special defense setting out the facts which lead to that conclusion. Batchelor's statement in his affidavit in opposition to summary judgment is insufficient because it has not been raised as a special defense. Therefore, the court may not consider Batchelor's claim that the plaintiff was not a holder in due course.
In light of the plaintiff's evidentiary support of the debt owed by Batchelor and Batchelor's failure to offer any evidence to call the plaintiff's proof into dispute, the plaintiff's motion for summary judgment is granted because there are no genuine issues of material fact and the plaintiff is entitled to judgment as a matter of law.
Thomas G. West, J.