[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT #208
The plaintiff, CadleRock Joint Venture, L.P.,[1] filed the operative corrected amended complaint (complaint) consisting of three counts on March 3, 2000. Subsequently, the plaintiff withdrew counts one and two, leaving only count three of the complaint.[2] Count three of the complaint is asserted against the defendant, Mead W. Batchelor (Batchelor),[3] for collection of an outstanding balance on a promissory note, together with interest, reasonable attorney's fees and costs in enforcing the plaintiff's right to payment of the note. Batchelor executed a promissory note agreeing to pay a principle sum to Countrywood Hills Associates. To secure the note, Batchelor executed a mortgage on property known as 158 Countrywood Hills Condominium. Countrywood Hills Associates assigned the note and mortgage to Great Country Bank, who assigned the same to The Cadle Company. The Cadle CT Page 15941-jh Company then assigned the note and mortgage to CadleRock Joint Venture, L.P.
On June 22, 2001, the plaintiff filed a motion for summary judgment and supporting memorandum of law as to count three of the complaint on the grounds that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. On July 9, 2001, Batchelor filed an objection to the plaintiff's motion for summary judgment for the reasons stated in his previous memoranda.
The following additional facts are relevant to the disposition of this motion for summary judgment. On September 23, 1996, the plaintiff filed its first motion for summary judgment as to count one of the then operative amended complaint, which count was asserted against Batchelor for payment of the promissory note. On September 25, 1996, Batchelor filed an amended answer with a special defense alleging that the plaintiff failed to obtain a certificate of authority to transact business in Connecticut pursuant to General Statutes § 33-396. On October 1, 1996, Batchelor filed a memorandum of opposition and opposing affidavit to the motion for summary judgment. The court (Kulawiz, J.) denied the plaintiff's motion for summary judgment on October 21, 1996, noting that there was a genuine issue of material fact. On April 25, 1997, the court (Murray, J.) granted the plaintiff's motion to strike Batchelor's special defense.
On June 11, 1999, the plaintiff filed a second motion for summary judgment as to count one of the then operative amended complaint. Count one sought a judgment of foreclosure on Batchelor's mortgage. On October 8, 1999, this court (West, J.) granted the plaintiff's motion for summary judgment as to count one of the operative complaint noting that there was a change in circumstances since the court (Kulawiz, J.) denied the plaintiff's first motion for summary judgment on October 21, 1996. This court further noted that after the plaintiff filed its first motion for summary judgment, but prior to Judge Kulawiz's denial of the motion for summary judgment, Batchelor filed an amended answer asserting a special defense. This court reasoned that it was conceivable that Judge Kulawiz did not consider the merits of the motion for summary judgment but denied the motion on the basis that the amended answer, asserting a special defense, created a genuine issue of material fact. This court found that although Batchelor filed a disclosure of defense pursuant to Practice Book § 13-19, claiming that the plaintiff is not a holder in due course, Batchelor failed to plead any special defense with regard to this claim. Hence, this court did not consider Batchelor's claim that the plaintiff was not a holder in due course and in light of the evidentiary CT Page 15941-ji support of the debt Batchelor owed and his failure to offer any evidence to call the plaintiff's proof into dispute, the plaintiff's motion for summary judgment was granted.
On December 4, 1999, Batchelor filed an amended answer and special defense asserting that the plaintiff is not a holder in due course. On December 13, 1999, this Court (West, J.) granted the defendant's and the plaintiff's motions to open judgment regarding the granting of the plaintiff's motion for summary judgment on October 8, 1999. The plaintiff's third motion for summary judgment dated June 22, 2001, is currently before this court. Batchelor objects to the motion for summary judgment for the same reasons stated in his two prior opposing memoranda of law.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence [of] any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Community Action for GreaterMiddlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387,397-98, 757 A.2d 1074 (2000). "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citations omitted; internal quotation marks omitted.) United Oil v.Urban Development Commission, 158 Conn. 364, 378, 260 A.2d 596 (1969). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988).
Batchelor argues that there is a genuine issue of material fact because his affidavit raises substantial questions as to the bona f ides of his mortgage and a number of considerations call into question the plaintiff's good faith. Batchelor asserts that whether the plaintiff is a holder in due course is a question for the court to determine and if the plaintiff is not a holder in due course, its claim is subject to any defense available to him. Batchelor argues that the plaintiff is not a CT Page 15941-jj holder is due course because it bought the promissory note "at a deep discount with notice and/or knowledge that the original holder of the note agreed to seek payment only to the extent that the equity in the secured estate exceeded the amount due on the first mortgage encumbering the premises."[4]
The plaintiff argues that the plaintiff has rights to the note as the holder in due course, hence, Batchelor's claim that he has limited liability on the note is moot. Specifically, the plaintiff asserts the following. The note in question is a negotiable instrument; the plaintiff is entitled to enforce the instrument; Batchelor failed to make payments and defaulted on the note; the plaintiff exercised its right to accelerate the outstanding amount due on the note; the outstanding amount due is readily ascertainable from the evidence; and the plaintiff is entitled to judgment in its favor unless Batchelor proves a special defense. The plaintiff, nevertheless, argues that Batchelor has not and cannot put forth any evidence from which a trier of fact could reasonably find that the allegations of the special defense are true. The plaintiff further argues that even if Batchelor could prove his defense, it is unavailing because the plaintiff is the holder in due course. Specifically, the plaintiff argues that Batchelor's defense is a personal one, which cannot be asserted against a holder in due course.
In the alternative, the plaintiff argues that the parol evidence rule bars Batchelor's special defense because Batchelor cannot introduce evidence tending to show that he has limited personal liability for the payment of the note. The plaintiff maintains that the defendant seeks to contradict the express provisions of the note, convert the note into a document that creates no personal recourse against its maker and limits Batchelor's personal liability.
"Recovery on a promissory note requires proof of a written promise to pay a certain sum of money at a certain time and [a signature] by the maker." Chemical Mortgage Co. v. Carbone, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 059462 (December 19, 1998, Curran, J.). "When examination of the affidavit and exhibits accompanying the plaintiff's motion for summary judgment discloses the unchallenged existence of unpaid debts, summary judgment can be granted." Id. A "plaintiff is entitled to payment on the note in question unless the defendant alleges and proves a defense. See Connecticut Bank TrustCo. v. Dadi, 182 Conn. 530, 531, 438 A.2d 733 (1980)." Estate of Baragliav. Poulos, Superior Court, judicial district of New Britain, Docket No. 497776 (Sep. 18, 2000, Kocay, J.) CT Page 15941-jk
Batchelor asserted a special defense claiming that the plaintiff is not a holder in due course because it bought the promissory note at a deep discount and with knowledge that the original holder of the noted agreed to seek payment only to the extent that the equity in the secured real estate exceeded the amount due on the first mortgage encumbering the premises. "General Statutes § 42a-3-302 provides that a holder in due course means the holder of an instrument if . . . (2) The holder took the instrument (i) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in section 42a-3-306, and (vi) without notice that any party has a defense or claim in recoupment in section42a-3-305 (a)."[5] (Internal quotation marks omitted.) Cadle Companyv. Ginsburg, 51 Conn. App. 392, 397, 721 A.2d 1246 (1998).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." City v. Dana InvestmentCorporation, 249 Conn. 1, 17, 730 A.2d 1128 (1999). Hence, Batchelor is not disputing his execution of the note and his failure to pay the note. Batchelor is, however, asserting facts which tend to show that the plaintiff is not a holder in due course because it did not take the instrument in good faith in that it knew that the original holder was not seeking full payment on the note. Batchelor's special defense relies on evidence that is inadmissible due to the rule of parole evidence.
"[T]he parol evidence rule is not a rule of evidence, but a substantive rule of contract law. . . . The rule is premised upon the idea that when the parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed, that the whole engagement of the parties, and the extent and manner of their understanding, was reduced to writing. . . . The parol evidence rule does not of itself, therefore, forbid the presentation of parol evidence, that is, evidence outside the four corners of the contract concerning matters governed by an integrated contract, but forbids only the use of such evidence to vary or contradict the terms of such a contract. Parol evidence offered solely to vary or contradict the written terms of an integrated contract is, therefore, legally irrelevant." LR Realty v.Connecticut National Bank, 53 Conn. App. 524, 538, 539, 732 A.2d 181, cert. denied, 250 Conn. 901, 734 A.2d 984 (1999). CT Page 15941-jl
"A promissory note is nothing more than a written contract for the payment of money, and, as such, contract law applies." Alco Standard Corp. v. Charnas, 56 Conn. App. 568, 571, 744 A.2d 924 (2000). Thus, where the language of a promissory note is clear, "[a] court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity. . . ." Pesino v. Atlantic Bank of New York,244 Conn. 85, 92, 709 A.2d 540 (1998).
In Companion Mortgage Corporation v. Oliver, Superior Court, judicial district of New London, Docket No. 552513 (May 22, 2001, Martin, J.), the plaintiff sought to foreclose a mortgage due to the debtors' default on their mortgage payments. A special defense was raised alleging that the plaintiff's mortgage was not prior in right. The plaintiff moved for summary judgment on the ground that there was no genuine issue of material fact as to the priority of its mortgage and that it was entitled to judgment as a matter of law. The court noted that the special defense set forth evidence of the understanding of the parties, prior to the execution of the mortgage document. The court further noted that the parties intentions were to be determined from the written agreement, not from their understandings prior to the execution of the agreement. Consequently, the parole evidence rule barred that admission of the evidence set forth in the special defense and the plaintiff's motion for summary judgment was granted.
In the present case, the plaintiff attached a copy of a promissory note as Exhibit A and a copy of the mortgage as Exhibit B. The promissory note reflects that Batchelor agreed to pay a principle sum together with interest to Countrywood Hills Condominium. The plaintiff also attached exhibits demonstrating that the note was subsequently assigned to the plaintiff. The promissory note imposes a legal obligation, without any uncertainty as to its object or extent of its engagement and indicates that Batchelor owes a specific amount of money. The note does not indicate that the original holder sought payment only to the extent that the equity in the secured real estate exceeded the amount due on the first mortgage encumbering the premises. Such evidence contradicts the terms of the promissory note. Batchelor cannot use parole evidence to support the allegations of his special defense. Thus, the parol evidence rule bars the admission of the special defense.
Batchelor asserts that his affidavit in opposition to the plaintiff's motion for summary judgment raises issues of material fact because it sets forth questions as to the bona f ides of his mortgage. Batchelor's affidavit contains allegations similar to those set forth in his special CT Page 15941-jm defense. Like the allegations raised in his special defense, the allegations in Batchelor's affidavit contradict the terms of the promissory note. Allegations of parole evidence contained in an affidavit are not admissible. See Lippman v. Cyr, Superior Court, judicial district of New London, Docket No. 549303 (Dec. 13, 1999, Corradino, J.) Other than asserting parole evidence, Batchelor asserts only a mere denial that the plaintiff is the holder in due course. "A mere denial the holder is a holder in due course, without the statement of supporting facts, is not sufficient, and a plea that a party is not a holder in due course is bad if the pleading does not set out the facts which lead to such conclusion. . . ." Cheshire Commercial Corporation v. Messier, 6 Conn. Cir. Ct. 542, 547, 278 A.2d 413, cert. denied, 161 Conn. 589, 278 A.2d 150
(1971).
In conclusion, because the plaintiff's underlying claim is valid and Batchelor's special defense and opposing affidavit rely on inadmissible parole evidence, the court grants the plaintiff's motion for summary judgment as to count three of the complaint.
THOMAS WEST, J.