WORCESTER BANK & TRUST COMPANY, executor, *vs.* HENRY
E. HOLBROOK, administrator with the will annexed, &
another.

Suffolk.    May 22, 1934. — June 27, 1934.

Present: CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Evidence*, Presumptions and burden of proof.

It could not be said by this court that a finding for the plaintiff was not
warranted at the hearing without a jury of an action on a promissory
note, where it appeared from the record that the plaintiff made out a
*prima facie* case and that the trial judge obviously disbelieved the
evidence offered by the defendant.

CONTRACT.    Writ dated February 25, 1932.

The action was heard in the Superior Court by *Keating*,
J., without a jury.    Material evidence is stated in the
opinion.    The judge found for the plaintiff in the sum of
$25,458.38.    The defendant Edward A. Nathanson, trustee
in bankruptcy of John J. Kingsley, Inc., alleged exceptions.

*W. M. Silverman*, (*H. Olins* with him,) for the defendant
Nathanson, trustee in bankruptcy.

*R. E. Tibbetts*, (*S. L. Stacey* with him,) for the plaintiff.

DONAHUE, J.    The plaintiff as executor of the will of
Frank S. Ewing has brought suit on a promissory note
for $25,000, dated November 5, 1929, and payable to the
order of Ewing.    The note bore the purported signatures
of "JOHN J. KINGSLEY" and "JOHN J. KINGSLEY
INC. By: JOHN J. KINGSLEY Treasurer."    The de-
fendants are the administrator with the will annexed of
Kingsley and the corporation.    The plaintiff produced the
note, offered testimony identifying the signatures, without
objection from the defendants introduced the note in evi-
dence, and rested.    It thereby made out a *prima facie* case
sufficient to support the action.    G. L. (Ter. Ed.) c. 107,
§§ 47, 51, 74.    *Beacon Trust Co.* v. *Barry*, 260 Mass. 449.

The defendant introduced testimony to the effect that

the note here in suit was a renewal of an earlier note of the same tenor, given at the time a loan of $25,000 was made by Ewing with the understanding that the greater part of that amount was to be applied to meeting the personal obligations of Kingsley, that less than $3,000 of the loan was expended for the purposes of the corporation of which Kingsley was the treasurer, and further that in 1931 by agreement Kingsley delivered to Ewing a quantity of merchandise in satisfaction of the obligation of the note.

The trial judge in the Superior Court sitting without a jury found for the plaintiff in the sum of $25,000 with interest. The trustee in bankruptcy of John J. Kingsley, Inc., contends that on the evidence presented by the defendants the finding should have been for the defendant corporation. A complete answer to this contention is that the judge obviously did not believe the testimony offered by the defendants. He was not bound to believe it. *First National Bank of Boston* v. *Sheridan,* 285 Mass. 338, and cases cited. There was no error in the rulings of law made by the judge.

*Exceptions overruled.*