HARRY J. BAKER *vs.* ALBERT L. PAEFF & others.

Suffolk.    April 3, 1945. — June 5, 1945.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Bills and Notes*, Consideration. *Equity Pleading and Practice*, Demurrer.

It is proper to overrule a demurrer to a bill in equity as a whole setting
forth as grounds of demurrer want of equity and adequacy of legal
remedy, if the bill on its averments can be maintained on any ground or
for any purpose.

Findings by a judge hearing a suit in equity against two defendants upon
a promissory note, that the note, signed by one defendant and in-
dorsed by the second either for himself or for accommodation of the
first defendant, was given in consideration of a sale to the first defend-
ant of certain capital stock and of the surrender by the plaintiff to
that defendant of a note previously given by that defendant, estab-
lished that the defendants did not sustain the burden of proving want
of consideration for the note in suit.

BILL IN EQUITY, filed in the Superior Court on August 5,
1943.

A demurrer to the bill was overruled by *Broadhurst*, J.,
and the case then was heard on its merits by *Warner*, J.

*G. Broomfield*, for the defendants.

*I. M. Libman*, for the plaintiff.

DOLAN, J.   This bill of complaint is brought to recover
the amount alleged to be due the plaintiff upon a promis-
sory note signed by the defendant Albert L. Paeff and in-
dorsed by the defendant Irving D. Paeff, and to reach and
apply shares of stock of the defendant Davenport-Brown
Inc. alleged to be owned by the defendant Albert L. Paeff,
and certain woodworking machinery also alleged to be
owned by the defendants Paeff, title to which it is alleged
they have placed in the name of the defendant American
Wood Products Manufacturing Co. or of others whose
names are unknown to the plaintiff.

The bill contains among others the following allegations:
"6. Your plaintiff is the holder of a promissory note, a

copy of which is hereto annexed and marked 'A,' made by the defendant, Albert L. Paeff to the order of Leslie N. Baker, and indorsed by the defendant Irving D. Paeff, dated November 12, 1942, in the sum of $7,000. That there has been paid thereon the sum of $500 on December 2, 1942, and $200 on May 3, 1943, that the defendants defaulted in the payment of said note, wherefore the defendants owe the plaintiff the sum of $6,300, together with interest in the sum of $282.46, making a total of $6,582.46, with interest from the date of this complaint. 7. The plaintiff is informed and believes, and therefore avers that Albert L. Paeff is an officer of the defendant Davenport-Brown Inc., and is the owner, in his own name and in straw names, of a large number of shares of stock, in said corporation, and to all intents and purposes is the owner and in entire control of said corporation. 8. The plaintiff is informed and believes, and therefore avers that the defendant Albert L. Paeff is the owner of valuable woodworking machinery, and either by himself, or with the defendant Irving D. Paeff, owns and conducts a business with that machinery and equipment, under the name and style of the American Wood Products Manufacturing Co., at 25–27 Caller Street, in the city of Peabody, . . . but that in order to hinder, delay, and defraud the plaintiff and other creditors, the defendant placed the title of said business, machinery and equipment in the name or names of straws, the true and Christian names of whom are to your plaintiff unknown. 9. The plaintiff does not know of any other assets that he might reach and apply in payment of this debt. 10. The plaintiff has no plain, complete and adequate remedy at law."

The defendants Paeff, hereinafter referred to as the defendants, demurred to the bill setting up the following grounds: "1. The bill does not set forth facts sufficient to warrant relief to the plaintiff named in the bill of complaint. 2. The allegations contained in paragraphs 7 and 8 of the bill of complaint are vague, indefinite, and inadequate. They do not specifically or sufficiently set forth facts as to enable the defendant Albert L. Paeff to be clearly

informed of the claim or claims assigned against him in the bill. 3. The allegations in paragraphs 7 and 8 of the bill of complaint are not direct and positive but are argumentative, state conclusions of law, and do not sufficiently or specifically set forth facts as to enable the defendants to be clearly informed of the claim or claims against them in the bill. 4. The plaintiff has a plain, adequate and complete remedy at law." The judge entered an interlocutory decree overruling the demurrer and the defendants appealed. The demurrer was addressed to the bill as a whole on the grounds of want of equity and adequacy of legal remedy, and was overruled properly if the bill can be maintained on any ground or for any purpose. *Carleton & Hovey Co.* v. *Burns,* 285 Mass. 479, 484–485, and cases cited. *Lydia E. Pinkham Medicine Co.* v. *Gove,* 298 Mass. 53, 57. *Bleck* v. *East Boston Co.* 302 Mass. 127, 129. The allegations of paragraph 7 of the bill of complaint admitted by the demurrer bring the case within the provisions of G. L. (Ter. Ed.) c. 214, § 3 (7). It is unnecessary, therefore, to decide with respect to the demurrer whether any of the other allegations of the bill bring the case within the statute. The demurrer was properly overruled.

The evidence is not reported but the judge made a report of the material facts found by him, which may be summed up as follows: Prior to October 16, 1942, the plaintiff was the owner of all the shares of stock in the H. J. Baker Corporation, a wood manufacturing concern. He advertised the business for sale. The defendant Albert responded, suggesting that he could oversee the business and that it would be an excellent opportunity for his son Irving and the plaintiff's son Leslie. On October 16, 1942, the plaintiff transferred one half of the shares of stock to his son and the other half to the defendant Irving. The defendant Albert was the real purchaser. The plaintiff received $2,000 in cash, a note for $5,500 payable in three years and certain accounts receivable as consideration for the transfer of the stock. Subsequently the defendant Albert, becoming concerned about the health of the plaintiff's son, suggested to the plaintiff that his son sell his stock to him (Albert). In

consequence the defendants Paeff entered into an agreement, dated November 2, 1942, with the plaintiff's son for the sale of his shares to the defendant Albert. The result was that, in consideration of the sale and of the surrender of the note before referred to, the defendant Albert executed the note now sued upon. The note was for $7,000 and was payable to the plaintiff's son Leslie. It was payable in two years from its date. Under its terms $500 was payable within two weeks from its date, $200 on December 24, 1942, and $200 on the twenty-fourth day of each succeeding month. Interest at the rate of six per cent was payable monthly in advance. In case of default in any payment for seven days the entire balance was to become due and payable at the option of the holder. The defendant Irving, if not for himself then for the accommodation of his father (the defendant Albert), indorsed the note in blank waiving presentment, demand and notice. It was also thus indorsed by the payee Leslie and by the plaintiff. The plaintiff then gave the note to his attorney to deposit with a bank for discount and collection. The defendant Albert made two payments thereon, one of $500 on December 2, 1942, and one of $200 on May 3, 1943, but made no payments thereafter. The plaintiff is a bona fide holder of the note in due course and has made demand for payment. The Baker corporation became "insolvent or bankrupt." One Freedman, a brother-in-law of the defendant Irving, purchased the property, consisting largely of woodworking machinery, from the "assignee or trustee in bankruptcy," with money borrowed "from sources, enabled by [the] defendant Albert." He then transferred it into the name of the defendant Irving but the defendant Albert was the real purchaser. Thereafter, except for a short period when the business was carried on under the proposed name of American Wood Products Manufacturing Co., it was carried on under the name of the American Furniture Manufacturing Co. The defendant Albert is in complete control of the same, if not the sole owner. The business "was, in some way, used as an instrument for the . . . defendant Davenport-Brown Inc." It is the business described in the bill under the name of "American Wood

Products Manufacturing Co." Its formation was for the purpose of enabling the defendant Albert to retain possession of the machinery of the Baker corporation, and, by purchasing the same through Freedman and having it transferred into the name of his (Albert's) son, the defendant Irving, to put it beyond the reach of the plaintiff as a creditor of Albert, and of defrauding the plaintiff as the holder of the note involved. The property "must be deemed to be the property and assets of the defendant Albert . . .. The only assets of the said defendant, Albert L. Paeff, comprise, so far as the creditable evidence discloses, the stock of the Davenport-Brown Inc., the machinery, and the American Furniture Manufacturing Co., described in the bill as 'American Wood Products Manufacturing Co.' No other assets have been revealed. The defendants Albert L. Paeff and Irving D. Paeff are indebted to the plaintiff, Harry J. Baker, in the sum of $6,300 together with interest in the sum of $282.46 making a total of $6,582.46 with interest from the date of the bill, August 5, 1943."

A final decree was entered by order of the judge establishing the indebtedness of the defendants Paeff to the plaintiff in the sum of $7,036.65 (which sum includes $6,300 remaining to be paid on the note and interest, including interest from the date of the bill), providing that, if those defendants did not pay this sum with costs within twenty days from the date of the decree one Simon Queen, as commissioner, be appointed to sell all the property, right, title and interest, legal or equitable, which those defendants had at the time of the service of the bill on them, in shares of stock in Davenport-Brown Inc. and the machinery and equipment of the American Furniture Manufacturing Co., described in the bill as American Wood Products Manufacturing Co., and ordering that those defendants execute and deliver a written conveyance of all their right, title, and interest in the said shares of stock, machinery and equipment to the purchaser at said sale. The final decree also provided that the proceeds of said sale be applied, first, to pay the costs and expenses of said sale including the fees of the commissioner, and, second, to pay $7,036.65 with costs

to the plaintiff, any balance then remaining to be paid to those defendants, and that execution issue in favor of the plaintiff in the sum of $7,036.65. The defendants Paeff appealed from that decree.

The defendants Paeff contend that the final decree establishing the indebtedness of the defendant Albert is not supported by the facts found, arguing that no consideration was shown for the note given by him upon the surrender of the previous note and that the plaintiff was not a holder in due course of the note in suit. They also contend that the findings do not support a conclusion that the defendant Albert was the owner of the shares of stock ordered to be applied to the indebtedness on the note, and that the findings are not sufficient to establish that the machinery in question was fraudulently transferred by him.

Since the evidence is not reported, we can interfere with the judge's ultimate findings only if his subsidiary findings are actually inconsistent with his ultimate findings, so that in law they cannot stand together. *Colby* v. *Callahan*, 311 Mass. 727, 729. In the instant case the judge, after reciting the facts concerning the execution of the note in suit, specifically found that the result of the agreement entered into in connection therewith was that, in consideration of the sale and of the surrender of a note previously given by the defendant Albert to the plaintiff, Albert executed the note "sued on." General Laws (Ter. Ed.) c. 107, § 47, provides that "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value." Where, as here, a promissory note contains the words "for value received," these words are prima facie evidence of consideration, *Chaltas* v. *Chronis*, 261 Mass. 221, 224; and where, as here, the plaintiff produces the note and the defendant admits his signature, a prima facie case is made for the plaintiff, *Starks* v. *O'Hara*, 266 Mass. 310, 314; *Worcester Bank & Trust Co.* v. *Holbrook*, 287 Mass. 228, and the burden of proving want of consideration rests upon the defendant. *Leonard* v. *Woodward*, 305 Mass. 332, 335–338. The spe-

cific facts found by the judge not only establish that that burden was not sustained by the defendant Albert but also amply support the finding of consideration for the note in question. The contention of the defendant Irving to the same effect falls with that of the defendant Albert. "An accommodation party is one who has signed the instrument as maker, drawer, acceptor or endorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder in due course, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." G. L. (Ter. Ed.) c. 107, § 52. *Tanners National Bank* v. *Dean*, 283 Mass. 151, 154. See *Blanchard* v. *Porter*, 317 Mass. 44, 46–47, and cases cited.

We perceive no error in the decision of the judge. We cannot review the finding of the judge that the defendant Albert was the owner of the shares of stock of Davenport-Brown Inc. It is an express finding that is not inconsistent with any other of his findings and so must stand. The contention that the relief granted to the plaintiff with respect to the machinery in the possession of the American Furniture Manufacturing Co. could not be granted on the facts found, since that company was not a party to the bill, cannot be sustained. The judge found that it was the same company as that described in the bill as the "American Wood Products Manufacturing Co.," that in fact that company was the "American Furniture Manufacturing Co."

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*