*Southern District*

No. 20057

## INSTRON EMPLOYEES FEDERAL CREDIT UNION

v.

## GEORGE GILBOY

Argued: Oct. 30, 1968  Decided: Apr. 19, 1969

*Present:* Nash, P.J., Cox, Owen, JJ.

Case heard by ——— *J.,* in the District Court of Southern Norfolk No.20057

*Owen, J.* This is an action of contract to recover monies due on a promissory note, together with interest thereon and attorney's fees in accordance with the terms of the note.

The defendant answered by way of general denial; denial of genuineness of his signature and demand for proof of the same; if the defendant did sign the instrument such signature was induced by fraud; if the defendant did sign the note, it was fraudulently and materially altered by the holder, its agents, servants or employees since said signing by the defendant.

*There was evidence* that the defendant signed the promissory note, a copy of which is annexed to the report; the defendant signed the note in 1963 when he was twenty years of age; when the defendant signed the note, the date, the amount of the loan and the terms of payment were blank and the printed form had no handwriting on it; defendant signed the note at the request of his brother who asked him to sign a note for $300.00; defendant had no discussion with any agent of the plaintiff regarding the terms of the note; defendant received no monetary consideration. Defendant

made sixteen payments to counsel for the plaintiff on the note beginning February 4, 1967 and ending May 12, 1967, the total of these payments amounted to Two Hundred Two ($2-02.00) Dollars; defendant became twenty one years of age on November 20, 1963.

At the close of the trial the plaintiff filed six requests for rulings. The court disallowed requests number 1, 3 and 5 and allowed requests number 2, 4 and 6.

In addition to finding the above recited evidence as facts, the court found the defendant "signed the note as a co-maker for his brother and under the impression that the brother was borrowing $300.00."

The court further found "that there was no evidence presented to prove the plaintiff's damages, if any".

The court found for the defendant.

The plaintiff duly filed a motion for a new trial partly based on alleged inconsistencies as to the findings of fact and rulings of law by the court. The plaintiff duly filed six requests for rulings in relation to his motion for a new trial. The court denied the motion for a new trial and made no ruling on the plaintiff's request for rulings.

The report states that it contains all the evidence to the questions reported.

It is apparent from the evidence that the note in question was introduced into evidence and the defendant's signature thereon was estab-

lished at the time of trial. The plaintiff thus had established a *prima facie* case and was entitled to recover unless the defendant established a defense. G.L. c. 106, § 3-307, *Baker* v. *Paeff,* 318 Mass. 366, 371-372, *Worcester Bank and Trust Company* v. *Holbrook,* 287 Mass. 228, *Starks* v. *O'Hara,* 266 Mass. 310.

The court allowed plaintiff's request for ruling number two that "on the evidence of the defendant that he signed the note in blank, the only warrantable inference is that he authorized the payee of the note to fill in the blanks." The court allowed plaintiff's request for ruling number six that "Defendant has offered no evidence of alteration in the note upon which he is being sued." These rulings disposed of the questions of fraud and material alteration set up in the defendant's answer.

The question of the defendants minority at the time he signed the note is readily disposed of by the fact that at no time did he attempt to disaffirm his liability but rather he ratified the note four years after reaching his majority by making sixteen payments on the note. *Babtkus* v. *Jutras,* 31 Mass. App. Dec. 98 and cases cited.

It is apparent that the court's finding "there was no evidence presented to prove plantiff's damages, if any" and the finding for the defendant were wrong and prejudicial to the plaintiff. The plaintiff was entitled to judgment in accordance with the evidence and the

terms of the note. G.L. c. 106, § 3-415, G.L. c. 106, § 3-307.

It is ordered that the judgment for the defendant be vacated and judgment be entered for the plaintiff.

MEZOFF & BAUMAN
   of Canton for Plaintiff
STEPHEN T. KEEFE, JR.
   of Quincy for Defendant