VMS Realty Investment, Ltd., & another[1] *vs.* William
R. Keezer & others.[2]

No. 91-P-977.

Norfolk. January 22, 1993. - February 4, 1993.

Present: Brown, Gillerman, & Greenberg, JJ.

*Practice, Civil*, Appeal, Attorney's fees.

Where an appeal was totally lacking in merit, the prevailing parties were
entitled to seek an award of their appellate attorney's in the man-
ner prescribed by the Supreme Judicial Court in *Yorke Mgmt. v. Cas-
tro*, 406 Mass. 17, 18-20 (1989). [119-120]

Civil action commenced in the Superior Court Depart-
ment on August 9, 1988.

The case was heard by *Roger J. Donahue*, J.

*Henry A. Brown* for the defendants.

*Alan R. Hoffman*, for the plaintiffs, was present but did
not argue.

Brown, J. This is an appeal from a judgment in favor of
the plaintiffs entered after a jury-waived trial in the Superior
Court. Simply stated, the plaintiffs are holders of certain
notes guaranteed by the defendants. The linchpin of the de-
fendants' argument on appeal is a claim of fraudulent in-
ducement. The appeal is totally lacking in merit and counsel
for the defendants (appellants) had to be aware that the ap-
peal was foredoomed for the reason, if no other, that they
failed to allege fraud affirmatively, let alone with the requi-

---

[1] Prudential-Bache Properties, Inc.

[2] The judgment was entered pursuant to Mass.R.Civ.P 54(b), 365 Mass.
821 (1974), against William R. Keezer, George S. Lechter, and Robert A.
Keezer. The complaint also named as additional defendants Lechter and
William R. Keezer, as trustees of NVC Realty Trust, and Northeast
Realty Company.

site particularity, in the pleadings. See Mass.R.Civ.P. 8(c), 365 Mass. 750 (1974), and Mass.R.Civ.P. 9(b), 365 Mass. 751 (1974).

We would look with favor on a request, made in the manner prescribed in *Yorke Mgmt.* v. *Castro*, 406 Mass. 17, 18-20 (1989), for reasonable attorney's fees for this appeal, payable by defendants' appellate counsel to the plaintiffs. See also Mass.R.A.P. 25, as amended, 378 Mass. 925 (1979). The plaintiffs may submit such a petition for attorney's fees to this court in the manner prescribed in *Yorke Mgmt.*, *supra* at 20, as soon as practicable. The defendants are to have twenty calendar days from the date of said filing to respond.

*Judgment affirmed, with*
*double costs of the appeal.*