Gelinas, J.
This appeal raises the issue of the sufficiency of a trial judge’s findings of fact to support a judgment in the amount of $17,952.04 on plaintiff’s claim of $31,085.34. After trial in the Springfield Division the judge found the following as fact:
1. The Court finds that the Defendant owned multi-family dwelling units in Holy-oke, South Hadley and Southwick areas; that Robert Roy, acting as the agent of the Defendant was the property manager of said units and was responsible for their maintenance and upkeep, and that the said Robert Roy had an open account with the Plaintiff for the purchase of paints, wall coverings and sundries on behalf of the Defendant’s properties. Mr. Roy had also authorized other tradesmen, in addition to some tenants of the Defendant’s (sic), to purchase products from the Plaintiff and charge them to Mr. Roy’s running account which he had with the Plaintiff. The Defendant’s sons were also authorized to purchase goods for the Plaintiff to be used on the Plaintiff’s property (corrected subsequent to trial to read “the Defendant’s sons were also authorized to purchase goods from the Plaintiff to be used on the Defendant’s property”). Robert Roy managed the Plaintiff’s properties through 1984. All the bills charged to Mr. Roy’s account for goods used on the Plaintiff’s property were billed to Mr. Roy and paid for by Mr. Roy while he was managing the properties. Subsequent to 1984 the Defendant made some payments to the Plaintiffs for purchases made. The last such payment was made on or about November 30,1985. Plaintiff claims the balance owed to him by the Defendant to be $31,085.34.
2. The Court finds that the Plaintiff’s business was destroyed by fire sometime during December of 1988. The Court finds that many of the invoices submitted by the Plaintiff to the Defendant were inaccurate, and further finds that the Plaintiff attempted to reconstruct some of the invoices that may have been lost or burned during that fire and that many errors were made in so doing. The Court finds that the business practices of the Plaintiff were somewhat less than acceptable, and, as a result, susceptible to numerous errors. However, the Court finds that the Plaintiff was not acting in bad faith or fraudulently, but was, in fact, not acting in a competent manner.
Although a judge’s ultimate findings of fact can import the requisite findings of subsidiary fact necessary to support those ultimate findings, see Jones v. Clark, 272 Mass. 146 (1930), Iacobucci v. Pinell, 33 Mass. App. Dec. 203, Berman v. Tyliski Electric Co., Inc., 57 Mass. App. Dec. 189, a judge must make findings sufficient to be satisfied that he has dealt folly and properly with all the issues and that the parties involved and the appellate courts may be folly informed as to the basis of the judge’s decision. Schrottman v. Barnicle, 386 Mass. 627 (1982). The requirement of *176 findings of fact is also to insure the quality of the judge’s decision making process, and to assure the parties that their claims have been fully and fairly considered. Cormier v. Carty, 381 Mass. 234 (1980).
A trial court should make complete findings on all issues. Di Marzio v. Di Marzio, 2 Mass. App. Ct. 174 (1974); see Jermyn v. Worcester Bus Co., 58 Mass. App. Dec. 45 (1976) (the function of a presiding judge in a non-jury trial is to lay down the governing principles of law, to find the facts, and apply those principles of law to the facts found by him); see also Erlenbach v. Leach, 56 Mass. App. Dec. 1 (1975) (to same effect). Extensive detail is not required. Leader v. Hycor, Inc., 396 Mass. 215 (1985). However, a judge must make his findings of fact clear, complete, and accurate. Lindsey v. Ogden, 10 Mass. App. Ct. 142 (1980).
In this case, there is some evidence, supported in defendant’s motion for new trial, that the judge’s finding with respect to invoices damaged by fire was clearly erroneous, and while not governing ultimately, this misconception could certainly go to the weight and sufficiency of the evidence on which the judge based his decision; absent more detailed findings we cannot say that the findings are sufficient to fully inform the parties and the appellate court as to the basis of the judge’s decision. Schrottman v. Barnicle, supra.
Given the foregoing, judgment for the plaintiff is vacated and the case is returned to the Springfield Division for a new trial.