Teahan, J.
APPEAL OF MASSACHUSETTS ELECTRIC COMPANY (“MEC”)
This case is reviewed on cross claims of appeal under Rule 8C, Dist/Mun. Cts. RADA with a record of the proceedings. It arises out of a civil single-count complaint in contract by Massachusetts Electric Company (hereafter "MEC”) against Fruit Sever Associates (hereafter “FSA”), a limited partnership, for electric services. Accompanying the denial of monies due, FSA brought multiple counterclaims against MEC. After trial, judgment on the complaint against FSA was entered for the defendant and judgment entered on all counterclaims for the defendant-in-counterclaim MEC.
After trial, the mixed findings of fact and law included, inter alia:
(1) that MEC filed this action on February 25,1993 after FSA had experienced difficulties paying rent commencing in 1988;
(2) that following the entry of this action an agreement was reached for FSA to pay $17,200 monthly until FSA secured refinancing at which time the “balance” would be paid;
(3) that FSA had paid in accordance with the agreement of the parties; and
(4) compliance with that agreement had occurred.
Findings by amendment were made thereafter as follows:
Judgment entered April 7,1995 is hereby amended by adding the following: There being no breach of the agreement at this time for the payment of $17,200 per month, the court finds it unnecessary, at this time, to make any further findings on the complaint or counterclaim.’
By amended statement of issues of law presented for review MEC seeks review in three areas:
(1) a claim that the defendant admitted owing MEC $161,600.91 during the trial thereby precluding the finding of the Court by maldng it clearly erroneous;
(2) whether the Court erred in refusing to admit DPU “terms and conditions of Massachusetts Electric” under G.L.C. 233, §75;
(3) whether the Court’s finding of a condition precedent to the obligation of FSA to pay MEC was an error of law.
A review of the proceedings at trial indicates evidence presented from which the Court could find:
(1) that FSA a limited partnership, was formed in 1970 to apply for federal funds under a “HUD 236 program” under the U.S. Department of Housing and Urban Development. Funds were forthcoming and construction of a five-building 132-unit *162 “mass metered” (nonindividually electric metered) residential complex for low-middle income tenants was completed in 1973. The property is in Worcester. That problems with the arrearage by FSA to MEC began in 1990;
(2) that MEC provided electric service to the complex;
(3) that in 1992 FSA commenced an effort to refinance the project given rent restrictions imposed by HUD intending to upgrade units including sprinkler installation and to use further funds from refinancing to pay off an indebtedness to MEC;
(4) that FSA’s balance owed MEC at the end of 1994 (according to MEC’s bill of that tíme) was $161,600.91. Payment difficulties occurred as far back as 1988;
(5) that in the fall of 1992, and again in 1994 after the commencement of this action by MEC in February 1993, agreement was reached between MEC and FSA that FSA would pay $17,200 per month pending HUD refinancing and pay the deficiency out of funds received by FSA from HUD;
(6) that payments were made by FSA in compliance with the agreement (or any deviations acquiesced in by MEC and further payments accepted).
Review of the Court’s mixed findings of fact and law, coupled with entries of judgment for FSA on the complaint filed by MEC and for MEC on the counterclaims against it, indicate no finding that MEC was to forbear pursuing its civil action in return for FSA paying $17,200.00 monthly. A specific finding was made that the agreement by FSA to pay a monthly figure on arrears occurred after the entry of this action on February 25,1993. The record is, therefore, devoid of .any reasoning leading to the finding for FSA on MEC’s complaint other than a determination of no breach of the agreement to pay a monthly amount. Under Dist./Mun. Cts. R. Civ. R, Rule 52(a) made written findings are discretionary in district court. When discretion to make findings is exercised, they must set forth the essential grounds for the court’s decision to insure the issues involved have been dealt with fully and properly.[1] Schrottman v. Barincle, 386 Mass. 627, 638-639 (1982); Fontaine v. Hunter, 1994 Mass. App. Div. 175. The findings in this case are legally insufficient to establish the basis on which a judgment for FSA was entered on MEC’s complaint.[2] It is necessary to vacate judgment entered for FSA and direct that a new trial occur. G.L.c. 231, §110.
APPEAL OF FRUIT SEVER ASSOCIATES (“FSA”)
FSA brought 15 counts in counterclaim against MEC sounding in c. 93, Chapter 93A contract, abuse of process, fraud and negligent misrepresentation. Judgment was entered for MEC as defendant-in-counterclaim on all counts. None of the written factual findings made addressed the facts supporting this entry of judgment. Instead, elliptical reference was made in amended written findings as follows:
“Judgment entered April 7, 1995 is hereby amended by adding the following: There being no breach of the agreement at this time for the payment of $17,200.00 per month, the Court finds it necessary, at this time, to make any further findings on the complaint or counterclaim.”
Given the close factual relationship between the contract action by MEC and the counterclaims there being no factual findings explicating the reason for judgment on the counterclaims, they must be vacated, and a new trial is ordered.

 With the repeal of Dist/Mun. Cts. R. Civ. P. and the adoption for the District Court of the Mass. R Civ. R, effective July 1,1996, after this trial, that discretion is retained under R. 52(c).

 Even assuming the Court found consideration for an agreement, the monthly figure arrived at was at best an agreement relative to payment of a deficiency. The suit was to establish that total arrearage.