LoConto P.J.
Aggrieved by the trial judge’s finding in the defendants favor, the plaintiff commenced this appeal pursuant to Rule 8C of the District/Municipal Courts Rules of Appellate Division Appeal. The facts and issues necessary for an understanding of this appeal are as follows. The plaintiff brought a complaint in the Northampton District Court on December 6,1991 for the injuries she claimed occurred when she fell in a pedestrian tunnel at a fair sponsored by the defendant organization on or about September 3,1990. Essentially, she alleged that the tunnel was negligently maintained. A non-jury trial was held on November 2, 1999. After the close of all the evidence, the plaintiff filed fifteen requests for rulings of law. On January 27,2000 the court entered judgment for the defendant pursuant to the order of the trial judge in his Memorandum of Decision and Order dated Janu *27 ary 24,2000, allowing the plaintiffs requests for rulings of law. The essence of the plaintiffs appeal is a challenge to the sufficiency of the evidence to support the trial judge’s finding for the defendant
It should be abundantly clear to district court practitioners that in the District Court judges are not required to make rulings of law. Drucker v. Drucker, 1997 Mass. App. Div. 147. The means for a party to determine if the judge applied the correct principiéis) of law is set forth in Rule 64A of the Rules of Civil Procedure. Specifically, section (b) (2) of the rule requires a party seeking a ruling that the evidence is insufficient as a matter of law to support a finding in the opposing parly’s favor, is to file a written request substantially in a suggested form.[1] However, none of the plaintiffs fifteen requests sought a ruling testing the sufficiency of the evidence to support a finding for the defendant Each of the plaintiffs requests contained a concise principle of law and was supported by an appropriate legal citation. They correctly tested the trial judge’s understanding of substantive tort law. And the trial judge correctly allowed each request However, in their form, the plaintiffs requests did not preserve the issue that she now urges we consider on appeal We rule that the plaintiff has forfeited any right for appellate review on the sufficiency of the evidence by her failure to satisfy the rule of court
The plaintiff also suggests that we should review the trial judge’s Memorandum of Decision and Order to determine if he applied the correct legal principles to the facts as found under a “clearly erroneous” standard. We would accept such request were the court in a non-jury trial required to find the facts specially and state separately its conclusions of law thereon. However, the trial judge was not required and did not create a writing in this case that permits us to apply a standard not otherwise applicable to district court cases tried before a judge. The judge’s writing did not detail specific factual findings with separate legal conclusions to permit the level of appellate review that the plaintiff now asks we apply. In a brief writing, the trial judge informed the parties in specific and forceful language that he did not believe the plaintiffs version of her claimed injuries. The judge’s Memorandum of Decision and Order is merely an expression of his opinion of the credibility of the plaintiff’s evidence. As the finder of fact, the trial judge was entitled to give whatever weight he thought the evidence deserved. His Memorandum of Decision and Order was nothing more than his expression of that function. We adopt the view of an earlier Appellate decision that “[a]s we read the trial judge’s Memorandum, neither in title, form nor comprehensiveness does it begin to meet the standards of Rule 52(a) or 52(c) that the judge ‘find the facts specially and state separately [his or her] conclusions of law thereon...’ Rather, we view that Memorandum as simply the trial judge’s effort to outline some of his views on the evidence and the law, precisely the kind of message of the trial judge’s views to the parties and counsel that is noted earlier as a desirable practice.” Stigum v. Skloff, 2000 Mass. App. Div. 63, 67. For the above stated reasons, the appeal must be dismissed.

 In District Court proceedings, to obtain a ruling that the evidence is insufficient as a matter of law to permit a general finding in the opposing party’s favor, the requesting party shall file a request for such ruling substantially in the following language:
“The evidence does not warrant a finding for (opposing nartv) and therefore a finding for the (requestor! is required as a matter of law.” Mass. R. Civ. R, Rule 64(b)(2).